# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Renae M. Warbritton,** ] | |
| ] | |
| **Plaintiff** ] | **Case No.: 10-cv-6584** |
| ] | |
| v. ] | **Judge:** |
| ] | |
| **Stoneleigh Recovery Associates, LLC,** ] | |
| ] | **Magistrate:** |
| **Defendant** ] | |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA AND VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION

The Plaintiff, Renae M. Warbritton ( hereinafter "Plaintiff" or "Movant"), through her attorneys at The Fox Valley Legal Group, LLC, brings this action against Stoneleigh Recovery Associates, LLC (hereinafter "Stoneleigh" or "Defendant") under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA") and for violations of the Bankruptcy Discharge Injunction (11 U.S.C. §§ 523 and 727). Plaintiff seeks a finding that Defendant's debt collection actions violated the FDCPA and the Bankruptcy Discharge Injunction and Plaintiff seeks to recover damages for those violations. An actual controversy exists between the parties in that the challenged actions of the Defendant has caused and will continue to cause the Plaintiff substantial harm unless the requested relief is granted.

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. §1331.

2. Venue is proper because the relevant events occurred within Kendall and Kane Counties in the State of Illinois, which both are located within the Northern District of Illinois.

## PARTIES

3. The movant, Renae M. Warbritton, is a natural person currently residing in the City of Pingree Grove, Illinois, Kane County, State of Illinois. At the time of the filing of the bankruptcy, the Debtor lived at 224-E Bertram Dr., Yorkville, Kendall County, State of Illinois.

4. The respondent, Stoneleigh Recovery Associates, LLC is a debt collection agency with its principal place of business in Lombard, Illinois.

## FACTS OF UNDERLYING BANKRUPTCY CASE

5. On June 30, 2009 the Plaintiff (along with her husband, Jason Warbritton), filed for Chapter 7 relief pursuant to the United States Bankruptcy Code. Said case was assigned case number 09-23641.

6. On August 4, 2009, a Change of Address was filed with the Clerk of the Bankruptcy Court changing Plaintiff's address to a temporary address, said address being 408 Renee Dr., South Elgin, Illinois.

7. Debtor's Meeting of Creditors was held and adjourned on August 30, 2009.

8. On November 2, 2009 the Clerk of Court issued an official Form B18 'Discharge of Joint Debtors'. (See Exhibit #1).

**FACTS IN SUPPORT OF THE BANKRUPTCY DISCHARGE INJUNCTION VIOLATIONS**

9. On Schedule F filed in the underlying bankruptcy case and on the master mailing matrix filed with the Clerk of the Court, an unsecured debt to 'Bankcard Services' in the amount of $841.00 was listed. The last four digits of that account were 8365. (See Exhibit #2)

10. Notice of the Plaintiff's bankruptcy filing was mailed by the Clerk of the U.S. Bankruptcy Court to Bankcard Services at PO Box 23069, Columbus, GA 31902-3069. (Exhibit #3). This mailing was not returned by the U.S. Post Office.

11. The Notice of Bankruptcy Filing mailed by the Clerk of the Court to all creditors gives the following warning: CREDITORS MAY NOT TAKE CERTAIN ACTIONS: The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

12. On or about March 12, 2010 Plaintiff received an initial collection letter from Stoneleigh at her address in South Elgin, Illinois. That letter, dated March 9, 2010 and attached here as Exhibit #4, stated that Stoneleigh was collecting a debt for 'EC2N Trust' and that the original creditor was 'Rewards 66 Meta/Dakota Bank' and that the original account number was 5100040000148365. That letter stated Plaintiff should 'Send a check or money order BEFORE March 31, 2010, to the address provided below'.

13. The last four digits in the account listed for Bankcard Services in the Plaintiff's bankruptcy schedules match the last four digits of the account provided by Stoneleigh to the Plaintiff.

14. On or about June 10, 2010, Plaintiff received a second letter from Stoneleigh

(dated June 4, 2010) at her current address in Pingree Grove, Illinois. That letter, attached as Exhibit #5, again stated that Stoneleigh was collecting a debt for 'EC2N Trust' and that the original creditor was 'Rewards 66 Meta/Dakota Bank' and that the original account number was 5100040000148365.

15. By sending letters to various addresses, Stoneleigh had the clear ability to ascertain Plaintiff's temporary address in South Elgin, Illinois and her current address in Pingree Grove, Illinois.

16. By showing its ability to ascertain Plaintiff's addresses as she moved from location to location, Stoneleigh knew or should have known that Plaintiff had filed a Chapter 7 bankruptcy and had received a discharge. Stoneleigh also knew or should have known that the debt that Stoneleigh was attempting to collect was originally listed in Plaintiff's bankruptcy and had been discharged.

17. The actions taken by Stoneleigh have caused Plaintiff great stress and anxiety as Plaintiff does not understand why a debt collector would attempt to collect a debt that was discharged in her bankruptcy.

18. The actions of Stoneleigh as alleged herein constitute willful, intentional and flagrant violations of the Bankruptcy Discharge Injunction.

## FACTS IN SUPPORT OF FDCPA VIOLATION

19. The Plaintiff realleges paragraphs 1 – 18 and incorporates them here as if fully restated.

20. The collection agency of Stoneleigh is a debt collector as that them is defined in 15 U.S.C. 1692(a)(6).

21. By sending collection letters to Plaintiff for a debt that was discharged in a bankruptcy, Stoneleigh has violated 15 U.S.C. 1692(d) by attempting to collect a debt the natural consequence of which is to harass and oppress; 15 U.S.C. 1692(e) by using misleading representations in connection with the collection of a debt and 15 U.S.C. 1692(f) by unfairly and unconscionably attempting to collect a debt that it knew or should have known had been discharged in a bankruptcy. It has also violated 15 U.S.C. 1692(g) by failing to validate the debt pursuant to subsections 1692(g)(3); 1692(g)(4) and 1692(g)(5).

**WHEREFORE**, the Plaintiff requests the entry of an order:

A. Finding that Stoneleigh Recovery Associates, LLC violated 11 U.S.C. §§ 523 and 727 of the U.S. Bankruptcy Code and that Stoneleigh violated various sections of the Fair Debt Collection Practices Act.

B. In favor of the Plaintiff and against Stoneleigh Recovery Associates, LLC for statutory damages costs and reasonable attorney fees as provided by the U.S. Bankruptcy Code and by § 1692k (a).

C. That a permanent injunction be entered forever barring Stoneleigh Recovery Associates, LLC from contacting Plaintiff.

D. That this Court enter an order with any other relief deemed just and proper.

/s/ David Linde

David Linde   #6209104
The Fox Valley Legal Group, LLC
1444 N. Farnsworth Ave., Suite 113
Aurora, Illinois 60506
(630) 898-6500